Yes, good morning. May it please the court. Amy Saharia of Williams and Connolly for Appellant Harbor Breeze. I'd like to reserve three minutes for rebuttal. I'll try to reserve three minutes. This court has already held that the Supreme Court's recent decision in Romag abrogated this court's prior standard governing awards of profits under the Lanham Act. Both the jury and the district court in this case applied the prior incorrect standard, and there should be no question that the court should remand the case as a result. There also should be no question that the application of the incorrect standard on profits affected the district court's order denying attorney's fees in this case. The court, therefore, should vacate the order denying fees for reconsideration following proceedings on remand. In our view, the question before the court is whether the profits issue on remand should be tried to a jury or to the district court. And we think the answer to that question is straightforward. The district court already ruled after trial that the parties had consented to a binding jury verdict on profits. That ruling requires a new jury trial on profits under Rule 39C, the law of the case, and principles of judicial estoppel. Go ahead, Judge Collins. The case is configured very differently from the time that the district court consented before. At the time the district court consented before, there were both legal claims and equitable claims. But now, what would go back would just be an equitable claim. So why would the district court be bound by a prior consent that now it's going to have to do with jury trial of an equitable issue, even if it doesn't want to? We do think that the district court would be bound, and we think that flows from the language of Rule 39C-2. That rule states that when a district court submits an issue to the jury with the consent of the parties, the jury's verdict shall have the same effect as if a jury trial had been a matter of right. The verdict is getting set aside. So that's an issue about what we do with the verdict in front of us. And I agree with you. We've got to treat it in accordance with the rule. But the remand is the verdict got thrown aside. So anything about that verdict and that language has no bearing. Well, I don't think so, because I think the ordinary effect of a verdict, when the jury instructions that underlie that verdict were incorrect, is that there needs to be— You're asking us to set aside that verdict. That's correct. To be fair, Rule 39C-2 is completely silent on what happens after remand, correct? That's correct, Your Honor. And the only case that we've found is the Third Circuit's decision on Beretta. Right. The Third Circuit's decision—and let's assume for a moment that the Third Circuit's decision deals with the district judge withdrawing her consent, correct? Well, I think it actually deals with both, because it does say that, but then it goes on to say that the only circumstance in which the district court could withdraw its consent is if both parties were to withdraw their consent. But it deals with the district court withdrawing its consent, correct? That's correct, Your Honor. Okay. The Seventh Circuit has said, essentially, on remand, either party can withdraw their consent, because we're having a new trial. We're starting all over again. Why isn't that a rule we should follow? So I think that, as a general matter, that rule would lead to prejudicial results. And the cases that apply Rule 39C-2 recognize that parties are entitled to know in advance who the fact finder will be, because parties try their cases differently to a jury or to a judge. Well, but you're going to get a new trial. You're going to get a new trial. You'll know who the fact finder is going to be if the other side doesn't consent. And so why isn't a new – I mean, I've always viewed a new trial as starting all over again. We've wiped out the previous proceeding, and we're sending it back for a new trial. Why does the stipulation reached before carry over to the new trial, when, as Judge Collins suggests, different issues may be really the issues in front of the prior fact? So I think there's a second prejudice that flows from the situation that we have here, which is defendants are changing their position, presumably, because they now believe they know how the district court would rule. Now, we don't think that we know how the district court would rule because he was applying the wrong standard in his post-trial ruling. But defendants are changing their position with the benefit of hindsight, with the benefit of having the district court's post-trial ruling when, until that point, they had squarely elected to have a jury verdict. And so I think that the same principles that underlie the Third Circuit's decision on Beretta are the same principles that underlie the principle of judicial estoppel, which is defendants took the position that all parties were bound to a jury verdict. They succeeded on that position. They clearly convinced the district court that was the right position. And now they want to switch their position and to do so in a way that they think unfairly. But all you're really telling me is that they've changed their mind. And I understand that, and I understand you might rather have a jury. But tell me what principle in the rule, because we're trying to read what the rule would require, what principle in the rule says they can't change their mind? So, again, I think that the best indication is the language of Rule 39C2 itself, which, again, states that the jury's verdict shall have the same effect. And, yes, we're asking the court to set aside that verdict. But when a jury verdict is premised on incorrect instructions, the remedy is always to remand for a new jury trial applying the correct instructions. And defendants really have not articulated to the court any basis for any reason why they should be permitted to withdraw their consent. The only argument they've really presented to the court is that this is an equitable issue for the court to decide. But that was the law before ROMAC. That was the law when they chose to give this issue to the jury. Profits have always been an equitable issue. Your firm argued on that. That's correct, Your Honor. Were you also counseled below? And I ask that because the timing was so tight. The Ninth Circuit had its Stone Creek willfulness requirement. There was a clear split. CERT gets granted almost exactly when the verdict comes down. Unfortunately, there was no special interrogatory. But in the post-trial briefings, was there any acknowledgement that the Supreme Court was going to look at it? Or were people plowing ahead with Ninth Circuit law that was imposing a mental state that Congress never even wrote into the law? So we were not trial counsel. And you're right that the timing is almost identical. The jury verdict was rendered on June 25, 2019. And the Supreme Court granted CERT on June 28, 2019. As far as I'm aware, no one raised ROMAG. The fact that the issue was pending in the Supreme Court to the district court, neither Harbor Breeze nor defendants. Your position is it's legal error. And we remand. We did it in the unpublished monster case that you pointed out to us. But we've started this oral argument now on the much greater subtlety of who's going to decide it on remand. So do you want to get back to that because that's the hardest issue in your mind? Yeah, I'll just briefly respond to that question, which is, yes, that is what the court did in Monster Energy. And in that case, the court cited in a footnote precedent from this court that says when there is an intervening Supreme Court decision that clearly changed Ninth Circuit law. The court has discretion to take up that issue of law. And I would also note that, of course, waiver is an issue that is itself waivable. And defendants have not made any waiver argument here based on the failure to raise the pendency of ROMAG in the district court. So getting back to to the the point of who should be the decider. Apart from Rule 39 C2, we do think that principles of law of the case and judicial stop will apply here. With respect to law of the case, the district court did squarely hold after trial that he was bound by Rule 39 C2. Defendants have not challenged that ruling on appeal. That's because they were the ones that urged the district court to reach that ruling. Again, that all goes to the interpretation of the verdict. And you're absolutely right that given what they argued below and given the language of C2, they were bound to that with respect to how to deal with this verdict. But this verdict is gone and the trial is not going to look like the first trial. It's now going to be an equitable only claim. Why doesn't that allow them and the district court to change their minds? Again, the profits was an equitable issue at the time of the first trial as well. And yet they consented to give that issue to the jury for a binding ruling. There were other legal issues being tried to the jury in that first trial, weren't there? Well, that's correct. But they could have asked for the profits issue to be decided on an advisory basis, which is very commonly done. Commonly in trademark or false advertising cases, the legal issues will be tried to the jury and the jury will be asked to decide profits on an advisory basis. That's not what happened here as a district court recognized after trial. The jury was asked to decide profits on a binding basis. And so there's really nothing about the law as it now stands or about the case that would warrant allowing defendants to change their position with the benefit of hindsight. Given that this was an equitable decision at the time of the first trial, it's an equitable decision now. And the only thing that really has changed is whether there's a preliminary requirement to show willfulness to obtain an award of profits. You told me you wanted to save about five minutes for rebuttal. I was trying to keep track of the clock for you. Is this a good time to stop or do you have more points you want to make at this point? I was going to reserve three minutes. So let me just briefly address the issue of attorneys fees, if I may. I think as a matter of course, if the court is going to remand for further proceedings, it would be logical to vacate the order denying attorneys fees and allow the district court to reconsider that issue at the conclusion of the proceedings on remand. The attorney fee decision is based on the totality of the circumstances. And of course, the circumstances very well might change on remand, including one potential circumstance being that there could be an award of profits, which may lead the district court to reach a different decision on fees. So we would encourage your success. Your success would be greater at that point than it was after the jury verdict this time. Exactly. And the court pointed to the mix results as one reason why he denied fees. I'll reserve the remainder of my time. I didn't mean to cut you off. I just I wrote down five and you said three. That's why I was. It's fine, Your Honor. I'm happy to reserve now. OK, let's let's hear from the appellees. And just before you begin, I note that you want to split time because you're representing the same party. I'm going to ask you to be in charge of making sure that your time is split, however you want to split it. Thank you, Your Honor. And may it please the court, Todd Wolfson for defendants and appellees. I want to just briefly comment on opposing counsel's comments and put this in context. I think it's important to note that the plaintiffs and the appellants in their post-trial motions made the argument that the jury decision was advisory only. And put this squarely in the hands of the district court to make a decision using the district court's discretion with respect to the issues of both discouragement of profits. But they were wrong. They were wrong, weren't they? This was I mean, people sometimes make arguments that lose. This was so clearly a non-advisory jury, wasn't it? Everybody consented to a non-advisory jury. The judge said we'll have a non-advisory jury. The fact that your your opponent then tried to make some different argument after trial doesn't change the fact, does it? No, no, Your Honor, it does not. I just wanted to point out the fact that to the extent there's a kind of a pseudo-judicial stoppable argument being made against my clients. But I think the same argument can be made against the appellants. But you didn't make it. Tell us. Yeah. So I think the critical issue for me in this case is let's assume we vacate the verdict for because the jury instructions were improper. And you can argue why we should. But just assume that we're going to in this case. Well, why? What does it get tried in front of on remand? Well, the the issue would be still within the district court's discretion would be our what would be our position. It would not need to go back to the jury. I think it's important for purposes. But now we have now you're butting right up against the Third Circuit case, which says the district court doesn't have any discretion under this circumstance. So is it is it your position that you don't care or is it your position that you object to? You object to it, don't you? We've had 10 years of litigation with these same parties. This would be the fifth trial between these parties. So we absolutely care if it the decision would be to to send it back. It would be a decision made by the district court to weigh the equitable multi-factor arguments. So stop because I'm now now you're confusing me. Is it your position that the district court could impose a non-advisory jury on remand? No, my position was simply that if the issue is sent back simply with respect to disgorgement of profits and attorney's fees, that would be a court decision, not a jury decision. No, let's assume forget about whether it's equitable or illegal for a moment. You said it's up to the district court. I thought your brief said it's up to you that you're not going to agree to a non-advisory jury on remand with respect to whatever issues are are are not legal. Is that is that your position? Well, I think our position is that, you know, it would not necessarily have to go back to a jury for a new determination. That's not what I'm asking you. What your position is. Are you are do you are you objecting to a jury on remand? Yes, we are. So if I can just briefly address this, this issue of the Romag decision being some kind of end all be all with respect to this case. I think it's important to note that Romag in and of itself is a fairly narrow decision. It involves a trademark infringement action and both the majority opinion by Justice Gorsuch and I think even more importantly, the concurrence by Justice Sotomayor specifically say that the willfulness is a factor. And the district court in this in this instance looked at willfulness as one of five factors. And he specifically meticulously went to the trouble of saying that the evidence showed that the intent of the appellees in this case was not to deceive, not to confuse the consumers, but was to comply with the existing state court injunction and simply maximize their social media presence. Justice Sotomayor, I thought she specifically said, oh, boy, the consequence of this is going to be that innocent infringers may have to disclose profits. But but more importantly, I guess my question is, if I'm correct, numerous other circuits had agreed with the ninth, the second and the tenth. And I forget which other one had. In other words, they'd imposed this heightened standard. Are you aware of any case in the intervening year where because of jury and structural error, there hasn't been a remand? Well, I'm not. I am aware, however, of Justice Sotomayor saying specifically that the weight of authority indicates the profits were hardly, if ever, awarded for innocent infringement. Longstanding equitable principles, after all, seek to deprive only wrongdoers of their gains from misconduct. And our position is that given the fact that the district court meticulously found five separate bases for how there was no misconduct, how there was no intent and how there was no deception or confusion. This was simply a a group of individuals trying to comply with an existing state court injunction. That willfulness is a factor. But the district court did not say because there's no willfulness found, there can't be a disgorgement of profits. What the district court didn't get to decide that fact under your agreement to a non advisory jury, did it? I mean, it's one thing to reject the new trial motion and say, I don't think, you know, it's against the weight of the evidence. But fact finding on willfulness should have been done by the jury, shouldn't it? Yes. And the jury did not find one way or the other on the issue of willfulness. We don't really know what they thought about the warfage fee. I mean, the trial testimony, the warfage fee and the fuel costs really relating to fuel. There's a whole spectrum of mental states that now kick in. So it really it would be hard for us to guess at whether or not the non willfulness controls this case. Multi factor or the reduced mental state still allowing disgorgement. I guess maybe the important thing is to step back procedurally. And my understanding is that this appeal is of the post trial motions, not of the jury verdict. So the issue of what the jury did or did not do, I think, is relatively a red herring in this case. The parties submitted the issue to the court. The appellants said that it was down by the jury's determination because it was a non advisory jury. And so now the court will have to do it over as a multifactor test. But the court did. The court did already imply a multifactor test and the jury's findings. Yeah, I'm still stuck on the procedural issue here of the if both of the parties agreed and they did that, the post trial motions were within the district court's discretion and that was the issue that was appealed. I don't know that it's relevant to look at what the jury did or did not find because the parties agreed. The post trial motions were decided by the district court and that's what's been appealed. They didn't agree on what the standards of district court had to apply vis a vis the verdict. The district court found independent of the profit argument that it would be inappropriate and not warranted in this case. And the parties all agreed that was within the discretion of the district court. And I think that the district court did in fact follow the multifactor test and did in fact follow the substance of the Romag decision. So you're telling us that the parties agreed that after the jury verdict, which didn't address willfulness because the law had changed, the judge could make factual findings based on the record whether or not willfulness was whether or not these five factors were established. I don't see that anywhere. Tell me where that agreement is found in the record. I believe if you look at the post trial motions filed by appellants, they specifically stated that in their opinion, the jury's decision was advisory only and we're arresting the sportsman of profits and the attorney's fees within the discretion of the court. That is what we argued to the court. It's a page pages 29 and 30 of our brief. But there's extensive there's extensive evidence of the fact and I think it's important. There is a conspicuous absence in appellants brief to even address the fact that in their post trial motions, which is what has been appealed. They specifically said the jury's decision is advisory only. And we're arresting this within the sound discretion of the district court. That's the issue that was put forward. That's the issue that was decided. I'm not worried about the jury's decision for a moment. What I'm what I'm trying to find is where they said and we'll let you decide the issue of profits. Whether we get profits. Yeah. You told me page 29 and 30. I'll I'll I'll look at those. I can I can I can cite it to you, Judge Roberts, right now. The the appellants stated, quote, the proper final determination of an award of profits rests with the court. And, quote, disgorgement of profits under the Lanham Act is by its nature equitable. And the act makes clear that any decision by the jury in that regard is advisory. Did you say that the district court was bound by the jury's zero finding? No, I'm not at all. I'm not saying the appellants disregarded the jury's finding. And I know what they said. But you said. Did you say that at the post trial was down by the jury's zero? We argue that it was a factor that the district court should consider in determining in making the equitable argument. Are you telling me that you agreed in the post trial briefing that it was that was advisory and that it was a multifactor analysis to be done in the district court's discretion? No, you're right. We argued that the jury had made that decision. But we didn't we didn't argue that the district court argued that he was bound to follow that. And since they said zero, zero, it was right. May I please the court? We made that argument, your honors, but the district court did not agree with us and actually sided with the appellants in this case and made its own determination. And that's why I read it as the district court agreed with you and that it was bound to follow. Let me see my dollars. If you just take it, we're switching over to Miss McKenzie now. So just one council at a time. Miss McKenzie, you're up. Go ahead. I'm sorry. If you review the court's actual order on the appellate appellate's post trial motions, the court says that it's making an independent determination that profits were unwarranted in the case. And so where is that? What page of the order says that? Where's the language? It's on the court's actual order on the motion. Give us give us a E.R. number, please. One second. I mean, because I'm looking at discouragement. And what I see on E.R. five is the court finds no reason to set aside the jury's verdict. And then going on the next page, the jury could reasonably have concluded that defendants profits were attributable to its competitive price. Going down further, nor is the jury's verdict against the clear weight of the evidence. This is not how you write. It's up to me. I discretion multifactor. This is I'm deferring to the jury verdict. Your Honor, if you look immediately below that, I believe it's the next paragraph. The court makes its independent determination. No, but the court makes an independent determination of whether or not the evidence was sufficient to support the jury's verdict. That's what he was being asked. He wasn't being asked to make an independent factual determination to control the outcome of the case. Was he? That's why I read this the same way Judge Collins does. Nobody said to the judge, OK, now we've got that part done. You make a factual determination about whether profits are going to be awarded. They came. This was this was an attack. You know, they said, now you can still do this if you want. And the judge said, no, I can't. I got to look at the jury verdict. I'm bound by it. And I don't think it was wrong. It's not what the judge actually did. My interpretation is different, Your Honor, because the court puts this in the order. Neither party or address the issue. And defendants didn't consent to explicitly to the jury making this determination. It just was something that wasn't addressed at all. Are you relying on this next sentence that says if the court were to take its own view of the evidence, it would reach the same result? Exactly, Your Honor. But doesn't that doesn't that suffer from the same Romag problem? The court is saying under the same standards, the jury applied, I would reach the same result. Well, we need to find out if the judge would do the same thing if Romag is set aside. My understanding of it is that the court is applying equitable principles in that portion. And as of that time, and even after Romag, the equitable principles still apply. And so nothing's changed since Romag. Ms. McKenzie? The court can't make equitable determinations as to Romag. Ms. McKenzie, in just a final second, do you have any pithy comment you want to make about attorneys? Yes, Your Honor. The plaintiffs or appellees have not met their burden here. The standard here is abuse of discretion. And there's no evidence showing that the district court abused their discretion with its discretion with respect to attorney's fees. It considered both parties briefing and determining that this was not an exceptional case that warranted fees. None of the arguments raised in the appellee's brief demonstrate that the court abused its discretion. It applied the appropriate standard as to attorney's fees and determined, based on the weight of the evidence, that this was not a case where attorney's fees were warranted. Okay. Thank you. Ms. McKenzie, is your answer the same if we remand for a new trial on damages? Yes. I think your answer is absolutely correct if all other parts of the judgment below are affirmed. But doesn't the situation change if we send it back? Shouldn't we vacate the attorney's fees award if we send it back so the judge can then consider in light of whatever additional facts are found? As we put in our briefing, there's a distinction between damages in this case, which appellees are not appealing, and the evidence supports that. Appellee's profits never suffered any losses as a result of appellee's advertising. So they haven't appealed the damages portion of the judgment. I'm sorry. I said damages, and I meant profits. So we send it back for a new trial on profits, whether to a jury or a judge. Won't the factors that go into determining whether a fee is awarded perhaps change at that point? Well, the court never based its decision on attorney's fees related to profits. If you look at the order, it focuses on damages and a lack of damages. Now I understand your point. Thank you. OK, we've taken you over and let's go back for rebuttal. Thank you. Just to address what the district court did, I think the court is reading ER five and six exactly correctly. The district court clearly held that it was bound by the jury verdict. And it's clear that what it's doing in the paragraph that Ms. McKenzie is focusing on is addressing a potential argument for a new trial under Rule 59. And the standard for a new trial under Rule 59 is whether the jury's verdict is against the clear weight of the evidence. And it's in that context that the court was expressing its views as to how it would resolve the case. But it clearly was not accepting our argument that it had the discretion to decide that issue for itself in the first place. No, I'm interested in that argument for a different reason. You say the court had the discretion to decide this issue. And your your your briefing clearly says that, does it not? As a general matter, the court has that discretion. And that was our position in the district court. Yes. And your position was that this district judge had the discretion to decide the issue. Correct. That was our position, which he rejected. So why doesn't this district judge now have the discretion to decide the issue? You think if you're talking about judicial estoppel and changing positions, I take it your position was this is an issue for the jury. Now, but back then, your position was this is an issue for the judge. Oh, that's correct. But one element of judicial estoppel is that you successfully convinced the court to accept that position. And we did not successfully convince the district court to accept our position. Defendants were the ones. So you were wrong. Not only did not submit estoppel aside, I'm trying to figure out whether you were right or wrong. Were you right in saying to the district? No, let me finish. Were you right in saying to the district judge, you can you can try this issue? I think the district court had the better of the argument on this. If you look at the party's pretrial order, which is 132 and 133 of the ER, both parties clearly indicated that they were submitting the issue of monetary remedies to the jury. So I think the district court had the better of the position in his ruling. Just to be clear about what defendants argued to the district court, that's at ER 426. And this is a quote. The jury's determination was not merely advisory as plaintiffs agreed to submit the issue of discouragement to the jury. But now that they do not like the verdict, seek to overturn their decision. The district court agreed with that submission by defendants. And then the idea that the district court actually applied some sort of multifactored test in reaching the decision on profits on his own is just not supported by this order. It cannot be clearer again at ER 6 where the district court said because plaintiffs have failed to prove that defendants false advertising was willful. Plaintiffs motion for order for discouragement of profits is denied. The district court was clearly applying the Stone Creek willfulness requirement and was not engaging in some sort of multifactored balancing test. So for those reasons, we asked the court to remand the case to the district court for a new jury trial on profits. Do any of my colleagues have questions for either counsel? If not, with thanks from the court to both sides. Thank you. This case will be submitted and we will be in recess for the day. Thank you, Your Honor. This court for this session stands adjourned.
judges: Higginson, Hurwitz, Collins